*A. W. White, E. G. Bentley,* contra.

---

## 14965. MEDLIN v. PADGETT.

BLOODWORTH, J. The written motion to vacate the verdict shows on its face that there is no merit therein; and the trial judge, on motion, properly dismissed the same.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED JANUARY 16, 1924.

Motion to vacate verdict; from city court of Richmond County —Judge Black. August 1, 1923.

Trover was brought in the city court of Richmond county against Medlin by L. P. Padgett for certain personal property alleged to be of the value of $300. There was a verdict against the defendant, and he filed a motion to vacate the verdict. This motion was dismissed by the court, on oral motion of the plaintiff; and the defendant excepted.

The motion to vacate the verdict was in substance as follows: When the plaintiff instituted the trover proceeding the movant, a farmer residing in the southern part of Richmond county, employed J. T. Olive, an attorney of Harlem, Ga., to represent him in the matter. Some months later the plaintiff swore out a warrant charging the movant with having "sold the property under mortgage, the subject-matter of the said trover suit." The movant employed A. R. Williamson, an attorney of Augusta, Ga., to represent him in that case, and was found not guilty. The movant was advised by this attorney that he would probably hear nothing further from the plaintiff, but if the plaintiff did bring a civil suit, to advise him. Williamson did not know that a trover suit had been brought, and the movant, knowing little about courts and legal matters, thought

that the criminal action involving the same state of facts had settled this litigation. On Monday, February 13, 1922, the movant received from J. T. Olive a letter mailed in Harlem, Ga., on February 11, saying that the writer had just received notice that the case of L. F. Padgett against the movant had been assigned for trial "next week," that the case had been pending for a long time, and he did not believe that another continuance would be granted, and "you had better come up to see me in reference to same." Later Olive came to his house and told him that the case would be tried on February 14, and he told Olive that Williamson would represent him. The movant called at Williamson's office in Augusta on February 14, about 9 o'clock a. m., but Williamson did not reach the office until about 15 minutes of 10 o'clock. On being advised of the pendency of the suit Williamson immediately called the plaintiff's counsel over the telephone, and was advised that he was going to the court-house to try the said case. Williamson then notified the plaintiff's attorney that he would be there to represent the movant and would leave at once. The movant went immediately to the court-room and was there when the case was called for trial. The plaintiff's counsel advised the court that Williamson was representing the movant and had telephoned that he was coming immediately to the court-room; whereupon the court called the case for trial and in the presence of the movant had a jury impaneled, the plaintiff introduced evidence, and a verdict was directed against the movant, for $211.80 and costs. Williamson arrived at 10:30 o'clock, immediately after the verdict was rendered, and asked the court to vacate the verdict, and announced that the movant would go to trial immediately. As a case was in progress the court took no action upon this oral motion. The motion was repeated on the next morning, and the court refused to entertain it. "And now on the 16th of February, 1922, at the opening of court, counsel for plaintiff being advised of this motion, the movant presents his written motion to vacate the verdict, and while the court is still in session, jurors in attendance for the trial of cases, and court not to adjourn for four more days of the present session, is prepared to go immediately to trial in said cause. The movant shows that he has a meritorious defense to said cause, that the written instrument on which plaintiff has based his trover proceeding was never introduced in evidence; that it shows an appar-

ent indebtedness of over $300, but the plaintiff admitted in the criminal action that $100 of the amount was for usurious interest. The movant shows further that he has a receipt from the plaintiff for $120, and has witnesses who saw him pay the $120 on said indebtedness; that the movant is not indebted to the plaintiff in any amount, the notes signed aforesaid being to cover advances to be made by the plaintiff to the movant, which advances the movant never received, other than the $120, though he repeatedly requested that the balance be paid him. Wherefore movant prays that the verdict aforesaid be vacated," etc.

*A. R. Williamson, Pierce Brothers,* for plaintiff in error.
*Isaac S. Peebles Jr.,* contra.